IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID S. LAMURE,

    Petitioner,

vs.                                                                                                                         No. CIV 96-1567 MV/DJS

JOE WILLIAMS, Warden, CNMCF,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on the Proposed Findings and Recommended Disposition of the United States Magistrate Judge, filed December 5, 1997 **[Doc. No. 31]** and Petitioner's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Sanctions, filed December 1, 1997 **[Doc. No. 30]**. The Court, having read the transcript of the evidentiary hearing that took place in front of Magistrate Judge Svet, extensively reviewed the record proper, fully considered the Magistrate Judge's recommendation, the responsive pleadings, and relevant law, adopts in part the Magistrate's recommendation and finds that Petitioner's request for a writ of habeas corpus is well taken and will be **granted in part**. The Court will **dismiss as moot** the other pending motion.

### Background

    The State of New Mexico originally had charged Petitioner with two counts of extortion, one count of kidnaping, twelve counts of criminal sexual contact of a minor (CSCM) and seven counts of criminal sexual penetration (CSP), all involving the same adolescent victim. At the conclusion of the State's case-in-chief, the trial judge dismissed, without objection, two CSCM counts and the kidnaping charge. The jury convicted Petitioner of five counts of CSCM, two counts of CSP, and

one count of extortion. The indictment set out allegations centered around three time periods: August 22, 1987, September 1 through 15, 1987, and December 22, 1988. The following shows the charges as they relate in time and the outcome of the trial on each count.

August 18, 1987                                             Verdict

Count 1, extortion                                          not guilty
Count 2, CSCM                                               guilty
Count 3, CSP                                                not guilty
Count 4, CSCM                                               guilty

August 22, 1987

Count 5, CSCM                                               guilty
Count 6, extortion                                          guilty
Count 7, CSCM                                               guilty
Count 8, CSCM                                               guilty
Count 9, CSP, first degree                                  guilty, 2nd degree

September 1-15, 1987

Count 10, CSCM                                              dismissed w/o objection
Count 11, CSCM                                              not guilty
Count 12, CSCM                                              not guilty
Count 13, CSP                                               not guilty
Count 14, CSCM                                              not guilty
Count 15, CSCM                                              not guilty
Count 16, CSP                                               not guilty
Count 17, CSCM                                              not guilty
Count 18, CSP                                               not guilty

December 22, 1988

Count 19, kidnaping                                         dismissed w/o objection
Count 20, CSCM                                              dismissed w/o objection
Count 21, CSP, first degree                                 guilty, 2nd degree
Count 22, CSP                                               not guilty

Petitioner asserts three grounds for which, pursuant to 28 U.S.C. § 2254, the Court should grant habeas relief. First, Petitioner claims that he was denied effective assistance of counsel. He also

2

states that he was denied a fair trial by the introduction of highly prejudicial uncharged conduct, and finally argues that improper prosecutorial remarks during closing argument also denied him a fair trial.

The focus of the Magistrate's inquiry in this matter was whether Petitioner's trial counsel, Mr. Ray Twohig, had provided ineffective assistance at trial. The claim has its roots in Mr. Twohig's misplaced reliance, up until the time of voir dire of the jury venire, on an outdated New Mexico statute that placed the age of consent at 13. In chambers, near the close of voir dire, the prosecution pointed out to Mr. Twohig that the age of consent had changed in 1987 to 16 years old.[1] The victim in Petitioner's trial was 13 at the time of most of the charged acts.

Mr. Twohig prepared his case with a consent defense in mind. Consequently, he conceded at a motion hearing that the admission of certain prior hebephilic homosexual acts similar to those occurring with the victim would be proper. Mr. Twohig opposed, however, the introduction of evidence that Petitioner had molested his own children. In addition, Mr. Twohig advised Petitioner to admit to having a sexual relationship with the victim, and included in his case-in-chief the testimony of medical experts who opined that Petitioner, in his various sexual encounters with teenage boys, had not been coercive. Mr. Twohig repeatedly told the venire panel that the age of consent was 13. It was only when presentation of evidence was imminent that the prosecution pointed out to Mr. Twohig his mistake as to the age of consent. Despite understanding the gravity of his error, Mr. Twohig proceeded with his original trial plan, allowing Petitioner to take the stand, to admit to having sexual relations with the victim, disputing the dates alleged in the indictment, and to explain that the relationship had been consensual.

---

[1] Before the statutory change, consent was a complete defense. After the change, consent was only a defense for first, second, and third degree CSP, but was irrelevant for the lesser included offense of fourth degree CSP. See N.M. Stat. Ann. 30-9-11 (Michie 1997).

Respondent concedes that Petitioner has exhausted his state court remedies. The record of state proceedings presented to this Court shows that there was a motion for a new trial, assignment to the summary calendar by the New Mexico Court of Appeals, a successful motion for assignment to the general calendar, an opinion affirming Petitioner's conviction, State v. LaMure, 846 P.2d 1070 (N.M. Ct. App. 1992), denial of *certiorari* from the New Mexico Supreme Court (845 P.2d 814 (N.M. 1993)), and denial of *habeas corpus* in state court proceedings, including denial of *certiorari* from the New Mexico Supreme Court. Petitioner, therefore, has availed himself of all state remedies.

The Magistrate Judge held a hearing on this matter where he heard the testimony of Petitioner, Petitioner's wife, and Mr. Twohig, all confirming that Mr. Twohig learned of his mistake at the threshold of trial. In his testimony Mr. Twohig stated that he would not have conceded prior bad acts evidence had he not chosen a consent defense and that he considered requesting a continuance upon learning of his predicament. When questioned by the Magistrate, Mr. Twohig explained that he thought, in analyzing his choices after being made aware of his mistake of law, that the case had proceeded so far down the consent path that he had no choice but to go forward with his original trial strategy, and that he rejected, therefore, moving for a new trial, or a continuance, or a reconsideration of prior evidentiary rulings.

Because he found that Petitioner received ineffective assistance of counsel, Judge Svet did not discuss the other two grounds for seeking the writ.

**Discussion**

The purpose of the effective assistance guarantee of the Sixth Amendment is to ensure that a defendant receive a fair trial. Strickland v. Washington, 466 U.S. 668, 689 (1984). Supreme Court and Tenth Circuit precedent both are clear that to prevail on an ineffective assistance claim, a

4

defendant must show that counsel's performance fell below an objective standard of reasonableness, and that "there is a reasonable probability that, but for counsel's errors, the result would have been different." United States v. Gonzalez-Lerma, 71 F.3d 1537, 1541 (10th Cir. 1995), cert. denied, 517 U.S. 1114 (1996), citing Strickland, 466 U.S. at 687-88, 694.  For the first element of this claim, a defendant must "overcome a strong presumption that 'counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997), cert. denied, 118 S.Ct. 126 (1997), citing Strickland, 466 U.S. at 689.

Even considering this strong presumption and the "wide range of professionally competent assistance," Strickland, 466 U.S. at 690, the Court finds that relying on an outdated statute to prepare a defense on the CSP counts fell below an objective standard of reasonableness.  Indeed, identifying the applicable statute is an indispensable step in providing assistance to an accused.  There can be no doubt, then, as Magistrate Svet recommended, that Mr. Twohig's performance in that respect was constitutionally deficient.

Mr. Twohig's continuing with his planned defense even after the recognition of his error can not be relegated to strategy into which courts should not delve.  Rather, by the time the prosecution made Mr. Twohig's mistake apparent, he had already represented to the jury venire that Petitioner would take the stand and admit to a relationship with the adolescent victim but also explain that this relationship had always been consensual.  Thus the choice to proceed can not be labeled "one made after thorough investigation of law and facts relevant to plausible options," id., and was constrained in part by the mistake of law.

5

In addition, with respect to the CSP counts the Court finds that there is a reasonable probability that the outcome at trial would have been different. At the late stage of trial preparation and after admitting a relationship to the jury, Mr. Twohig could not then fail to put his client on the stand. Even assuming that consent was the only defense available, see State v. LaMure, 846 P.2d at 1073 n.1, Petitioner thus was deprived of an opportunity to plea bargain on the CSP counts, or to seek severance of those counts.

With respect to the other convictions in this case, however, Petitioner has not shown ineffective assistance. Petitioner concedes that at the time of trial consent was a valid defense to the charges of CSCM and extortion. Petitioner then asserts, however, that Mr. Twohig's use of a consent defense for CSP so undermined the proper functioning of the adversarial process that the trial can not be relied on as having produced a just result. In essence, Petitioner argues that the inflammatory nature of the evidence presented as a result of Mr. Twohig's mistake of law tainted the whole trial, including the CSCM and extortion counts where the jury convicted Petitioner and where the consent defense was appropriate. The record does not support this argument.

The record proper shows that Mr. Twohig mounted a very proactive defense whose focus was on credibility and bias. Although the self confession of uncharged pedophilic acts was an important part of explaining lack of coercion it was also significant to bolstering the credibility of the defendant, who was faced with several instances of 404(b) testimony from other victims, including his own son. Mr. Twohig's first witness, and the one who was on the stand the longest, was the victim's former lover, who described in detail the victim's prior and post sexual experience and supported the defense theory of the victim's manipulative nature and desire to bolster a $30 million civil suit against Petitioner. Mr. Twohig also put on defense experts to rebut prosecution experts, and had Petitioner's

6

wife testify as to her son's bias against his father. The whole trial was clearly a credibility contest where Mr. Twohig, conducting a thorough, focused, and systematic defense, aimed to convince the jury that the victim was manipulative, a sexual predator, and was using the criminal trial as a stepping stone toward a large civil recovery.

Although an ineffective assistance claim does not depend on the success or failure of a trial strategy, Hoxsie, 108 F.3d at 1246, to assess this claim of general taint, which differs from the ineffective assistance allegation, the Court looks at the jury's verdict on all the counts charged. This verdict shows that the jury sifted through all the evidence, and found in favor of Petitioner in several instances. First, the jury credited the defense statements that Petitioner had no contact with the victim in September, 1987 and acquitted on all the September counts that were still before it (counts 11-18). Second, the jury acquitted on one of the two extortion counts (count 1). Third, the jury acquitted on two of the remaining CSP counts (counts 3 and 22). Finally, the jury doubted part of the prosecution's case when it found Petitioner guilty only of a second degree felony on the other CSP counts, as opposed to the first degree felonies charged in the indictment (counts 9 and 21). In assessing prejudice a court should assume "that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Strickland, 466 U.S. at 695. The record clearly bears out this assumption, and there is no support, then, for the argument that the whole trial was tainted and unfair as a result of Mr. Twohig's initial mistake of law.

The Court rejects Petitioner's other bases for seeking a writ. Petitioner asserts that the introduction of 404(b) testimony on his touching of his two sons and prosecutorial remarks made during closing argument both deprived him of a fair trial. The Magistrate Judge, recommending

complete granting of the writ, did not consider these claims.² The New Mexico Court of Appeals, however, did.

In addressing Petitioner's direct appeal of his conviction, the court of appeals ruled that the trial court did not abuse its discretion in allowing incest testimony by Petitioner's son. The appellate panel, in a lengthy analysis, expressly found that this 404(b) testimony was particularly relevant to show the critical issue of coercion, and that its admission was not unduly prejudicial. State v. LaMure, 846 P.2d at 1074, 1076. This Court agrees. Moreover, because consent was a complete defense to the extortion and CSCM counts, and because the Court has already ruled that it would grant habeas relief for the CSP convictions, Petitioner can not prevail in his claim that the introduction of incest evidence deprived him of a fair trial.

Nor can the last basis for habeas relief, the prosecution's comments during closing argument, help Petitioner. The court of appeals also considered this argument, and also rejected it, finding no fundamental error. This Court agrees with this conclusion, for "[a] party who waits until the jury returns an unfavorable verdict to complain about improper comments during opening statement and closing argument is bound by that risky decision and should not be granted relief." Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1465 (10th Cir. 1994), citing Gonzalez v. Volvo of Am. Corp., 752 F.2d 295, 298 (7th Cir. 1985).

Finally, even if the Court were inclined to disagree with the New Mexico Court of Appeals, which it is not, Petitioner has not shown in his brief that on both these claims for habeas relief, which were adjudicated on the merits in State court, the result was so inappropriate as to allow such relief

---

² At the evidentiary hearing before Judge Svet, Respondent's counsel mistakenly explained that the second ground for seeking a writ was the failure of Petitioner's counsel to properly investigate an alibi defense. Petitioner's counsel did not correct this statement, and even argued that a state court decision on the alibi defense was clearly erroneous. Despite this apparent detour in the hearing, however, the Court relies on the pleadings the parties have filed to examine the grounds for a writ.

pursuant to 28 U.S.C. § 2254(d)(1) (1998).[3]

**THEREFORE,**

**IT IS HEREBY ORDERED,** that the petition for writ of *habeas corpus* be, and hereby is, **granted in part**. Petitioner's convictions on counts 9 and 21 entered in 90-CR-08 in the Ninth Judicial District, Roosevelt County, New Mexico, are hereby vacated.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Judgment on the Pleadings, or in the Alternative, Motion for Sanctions, filed December 1, 1997 **[Doc. No. 30]**, be, and hereby is, **denied as moot**.

**IT IS FURTHER ORDERED** that the writ is hereby suspended for ninety (90) days. This writ does not serve as a bar to the re-trial of Petitioner on the charges brought in Counts 9 and 21 of 90-CR-08. Provided that Petitioner has already served his sentence for all other convictions in this case, Respondent shall release Petitioner from custody ninety days from the date of entry of this order.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

July 21, 1998

Counsel for Petitioner
Gary W. Nelson , Esq.

Counsel for Respondent
Randall M. Harris , Esq.
Arthur W. Pepin , Esq.
Max Shepherd , Esq.

---

[3] That part of § 2254, amended in 1996, provides that
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.